In re Tim DALE, Petitioner.

No. MISC. 781.

United States Court of Appeals,
Federal Circuit.

Feb. 10, 2005.

Before NEWMAN, MAYER and LINN,
Circuit Judges.

Order for the court filed by MAYER,
Circuit Judge. Circuit Judge NEWMAN
dissents.

### ORDER

MAYER, Circuit Judge.

Tim Dale petitions for a writ of mandamus to require "the Bureau of Customs and Border Protection of the Department of Homeland Security ... to participate in [arbitration] on the issue of whether the penalty of termination was reasonable after this Court's decision in *James v. Dale*, 355 F.3d 1375 (Fed.Cir.2004)."

The Immigration and Naturalization Service (INS) removed Dale from his position as a border patrol agent on the ground that he associated with a "known or suspected law violator" in violation of the Border Patrol Handbook. The arbitrator reversed INS's removal decision. In *Dale*, we reversed, concluding that the arbitrator abused his discretion and applied the wrong standard in concluding that Dale had not associated with a suspected law violator. *Id.* at 1378–79. We concluded that "[t]he charged misconduct was proven by the agency," and further opined:

> Determining that the misconduct occurred is the first step; the agency still must prove that disciplining an employee for associating with a suspect narcotics law violator is "for such cause as will promote the efficiency of the service." . . . . [The arbitrator] concluded,

without support, "that the grievant's removal from service fails to promote the efficiency of the service."

Association between border patrol agents and suspected criminals, especially those suspected of felony drug offenses, undermine the public's confidence in the agency's ability to fulfill its mission.... [T]he nexus between the misconduct of Dale, an agent of the Border Patrol, and the efficiency of the Border Patrol is readily apparent; indeed it was spelled out in the Border Patrol Handbook.

*Id.* at 1379–80. Having found that the misconduct occurred and discipline was appropriate, we stated that "[t]he reasonableness of the penalty is not at issue in this appeal."

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

In seeking this court's aid in forcing the agency to further litigate the penalty issue, Dale essentially takes issue with the court's decision in *Dale* that reversed, but did not remand for further penalty proceedings. However, Dale petitioned for panel and en banc rehearing pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure in *Dale* and brought this issue to the court's attention in the combined petition. The petition was denied. Rules 35 and 40, not a mandamus petition, provide the mechanisms for a party to ask a panel or court to change its opinion. Thus, Dale has not shown entitlement to mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

PAULINE NEWMAN, Circuit Judge, dissenting.

Because the court's failure to remand this case for review of the penalty unfairly has been construed to leave the petitioner without the contemplated review of the agency's removal decision, I must, respectfully, dissent.

The agency removed Dale based on three charges of misconduct, all of which the arbitrator determined had not been proven. The Office of Personnel Management only sought review of a single charge, associating with a known or suspected law violator. We reversed the arbitrator's decision overturning this single charge. The issue of penalty was not before the court. Indeed, at oral argument the government stated: "We're not asking the Court to sustain the removal here. The case is going to have to be remanded to determine whether that one remaining charge, which should have been upheld, is sufficient to sustain a removal[.]" Mr. Dale advises that the government's position is now that remand is foreclosed because the Federal Circuit did not explicitly so order.

This case should have been remanded, and the government's argument is inappropriate and unjust. I would clarify that the court's intention was not to foreclose review of the penalty on the reduced

charge. If indeed the oversight is ours, as the government's position manifests, then it is our obligation to correct it.